KELLUM, Judge,
concurring specially.
I concur with all parts of the majority’s opinion. I write to Part IV, which addresses Baker’s argument that the trial court erred in allowing the prosecutor to play a recording of a 911 telephone call and to display photographs during his opening statement.
As noted in the main opinion, this is Baker’s second conviction for capital murder arising out of the kidnapping-homicide of Tracy Baker. This same issue was raised in Baker’s first appeal. In its opinion reversing this Court’s judgment affirming Baker’s conviction, the Alabama Supreme Court did not agree with this Court’s approval of the prosecutor’s showing photographs to the jury during his opening argument, but noted that “the trial judge’s allowing this tactic did not constitute plain error.” Ex parte Baker, 906 So.2d 277, 288 (Ala.2004)(emphasis supplied). However, the Supreme Court stated “the tactic certainly should not be encouraged,” noting that, “[ejxcept by agreement of the parties, jurors should not see or hear evidence before its admission as such. See Acklin v. State, 790 So.2d 975, 1004 (Ala.Crim.App.2000).” 906 So.2d at 288.
Nevertheless, the prosecutor in Baker’s second trial chose to ignore the Supreme Court’s warning and once again elected to play a recording of a 911 telephone call and to display photographs during opening argument. Baker objected to the playing of the 911 recording on the ground that it had not yet been admitted into evidence; he also objected to displaying the photographs, but on the grounds that they were inflammatory. Thus, the prosecutor’s actions must be reviewed under two standards — preserved error (911 recording) and plain error (photographs). Although the prosecutor’s display of the photographs did not constitute plain error, the Supreme Court’s language appears to suggest that playing of the 911 recording was improper. 906 So.2d at 288. However, as discussed in Part II of the main opinion, the recording of the 911 telephone call was *607 properly admitted into evidence. Under these circumstances, I am convinced that the prosecutor’s playing of the 911 recording during opening argument was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).